UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROL O'BRIEN,<br>         Plaintiff, | :<br>:  CIVIL ACTION NO.<br>: |
| v. | :  3:13-CV-1521-VLB<br>: |
| MERIDEN BOARD OF EDUCATION,<br>         Defendant. | :  SEPTEMBER 12, 2014<br>:<br>:<br>: |

**MEMORANDUM OF DECISION GRANTING DEFENDANT'S [DKT. # 14] PARTIAL MOTION TO DISMISS**

I. **Introduction**

Defendant Meriden Board of Education (the "Board") moves to dismiss the sixth count of plaintiff Carol O'Brien's complaint, a claim for intentional infliction of emotional distress ("IIED"). Defendant does not move to dismiss any of the other counts of plaintiff's complaint. Plaintiff has failed to respond to this motion but that failure alone is insufficient to warrant dismissal if the complaint is sufficient to state a claim on which relief can be granted. *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000). Therefore, the Court proceeds to consider Defendant's motion on the sufficiency of Plaintiff's complaint. For the reasons described below, the court grants defendant's motion to dismiss count six of plaintiff's complaint.

II. **Relevant Facts**

Plaintiff began her employment with Defendant as Hall Monitor at Maloney High School ("Maloney High") in October 2000 and continued in that position for nearly twelve years, until June 20, 2012. Compl. ¶ 10. Plaintiff incurred a

1

substantial number of absences due to personal and family health issues in the last two years of her tenure at Maloney High. Compl. ¶¶ 3–4, 10–15. In October 2010, Plaintiff was diagnosed with breast cancer and applied for leave under the Family Medical Leave Act (the "FMLA") to receive medical treatment. *Id.* at ¶ 11. Plaintiff was absent on FMLA leave through July 2011 while she underwent surgery, chemotherapy, and radiation, returning to work in September 2011. *Id.* at ¶¶ 12–13. From October to November 2011, plaintiff was again intermittently absent for medical leave for testing on a new, benign mass on her breast. *Id.* at ¶¶ 13–14. Additionally, plaintiff applied for FMLA leave in November 2011 as her father was diagnosed with pancreatic cancer and given a short time to live. *Id.* at ¶ 15. She cared for him, at home, until his death in April 2012. *Id.* at ¶ 16.

Upon plaintiff's return to work, the principal at Maloney High spoke with plaintiff about her approved leave time, tallying up the dates that she was out since September 2011 and calling them "absences." *Id.* at ¶¶ 17–19. The principal stated that she knew of plaintiff's breast cancer and of her father's passing. *Id.* at ¶ 18. Plaintiff also informed the principal that she was now caring for her elderly mother. *Id.* The principal stated that students were suffering due to plaintiff's approved leave and warned that she should have better attendance. *Id.* at ¶ 19. Plaintiff explained that she was on approved FMLA leave to address her health and family issues but the principal "did not seem to care." *Id.* at ¶ 20.

On the last day of school, June 20, 2012, Plaintiff was called into the principal's office for her second performance review in twelve years. *Id.* at ¶¶ 21–22. Overall, the performance review was good. *Id.* at ¶ 25. However, the principal

<ся
criticized plaintiff for her "attendance" and rated her "Unsatisfactory" in this category, marking in the category "see attached." *Id.* at ¶¶ 23–24. The attached document listed the days that plaintiff had been absent for approved medical and family leave. *Id.* At the end of the review, defendant terminated plaintiff's employment for the express reason that it was for a "financial" reason. *Id.* at ¶¶ 26, 28. Plaintiff claims that this is pretextual and that defendant terminated her due to her actual or perceived disability. *Id.* at ¶¶ 27–28. Shocked and upset, plaintiff went to speak with the personnel director of the defendant, who tried to avoid speaking with her or giving her a written reason for her termination. *Id.* at ¶31.

### III. Standard of Review

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Sarmiento v. U.S.*, 678 F.3d 147 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations and internal quotations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

IV. <u>Discussion</u>

Defendant argues (i) that governmental immunity precludes Plaintiff's claim for intentional infliction of emotional distress and (ii) that the alleged conduct was not extreme and outrageous as a matter of law. Def.'s Mem., 1.

   a. <u>Governmental Immunity for Intentional Torts</u>

Plaintiff's claim for IIED, Compl. p. 8, is precluded under the doctrine of governmental immunity. In Connecticut, governmental immunity bars intentional tort claims against municipalities. *See* Conn. Gen. Stat. § 52-557n(a)(2)(A); *see also O'Connor v. Bd. of Educ.*, 877 A.2d 860, 863, 863 n.4 (Conn. App. Ct. 2005), *cert. denied*, 882 A.2d 675 (Conn. 2005). The Connecticut Supreme Court ruled the

common law claim for intentional infliction of emotional distress is one of the intentional torts barred by the doctrine of governmental immunity. *Miles v. City of Hartford*, 719 F. Supp. 2d 207, 218 (D. Conn. 2010) ("The Connecticut Supreme Court has clearly held that a political subdivision of the state is immune to suit based on intentional infliction of emotional distress by an employee.") (citing *Pane v. City of Danbury*, 841 A.2d 684, 695 (Conn. 2004)[1]). Therefore, the Court holds that governmental immunity precludes plaintiff's claim for intentional infliction of emotional distress.

Even if governmental immunity did not bar plaintiff's IIED claim, plaintiff's claim for IIED is insufficient because plaintiff has failed to allege facts to conclude that defendant's conduct was extreme and outrageous as a matter of law.

    b. <u>Sufficiency of IIED Claim</u>

In the State of Connecticut, to succeed on a claim for intentional infliction of emotional distress a plaintiff must show

> (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress and (4) that the emotional distress sustained by the plaintiff was severe.

---

[1] *Pane* was overruled in part by *Grady v. Town of Somers*, 984 A.2d 684, 700 (Conn. 2009), on other grounds not pertinent to this case. *See Miles*, 719 F. Supp. 2d at 218 n.5.

*Rivera v. Thurston Foods, Inc.*, 933 F. Supp. 2d 330, 343 (D. Conn. 2013) (citing *Petyan v. Ellis*, 510 A.2d 1337, 1342 (Conn. 1986)).

The Plaintiff alleges that the Defendant intentionally inflicted emotional express by classifying her approved FMLA leave as absences, insisting that she improve her attendance, conducting the June 20, 2012 performance review when it had only evaluated her performance once before in her 12-year tenure, rating her performance unsatisfactory based on her FMLA leave, and terminating her pretextually by citing financial reasons while refusing to answer her questions concerning her belief as to the true cause. Compl. at ¶¶ 19–26, 28.

The Connecticut Supreme Court provided the following guidance to determine whether conduct is "extreme and outrageous."

> Liability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress.

*Appleton v. Board of Educ.*, 757 A.2d 1059, 1062 (Conn. 2000) (internal quotations and citations omitted). In considering whether a plaintiff's claim for IIED sufficiently alleges extreme and outrageous conduct, the court evaluates "the employer's conduct, not the motive behind the conduct." *Miner v. Cheshire*, 126 F. Supp. 2d 184, 195 (D. Conn. 2000) (citation omitted). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous

6

is initially a question for the court to determine." *Appleton*, 757 A.2d at 1062 (citing *Bell v. Bd. of Educ.*, 739 A.2d 321, 327 (Conn. App. Ct. 1999)). "Only where reasonable minds disagree does it become an issue for the jury." *Id.*

The facts alleged by Plaintiff do not describe conduct that rises to the legal standard of extreme and outrageous conduct. Nothing described in the allegations in the Complaint rises above conduct that is merely insulting or results in hurt feelings. Nothing described in the Complaint is "beyond all possible bounds of decency." *Little v. Yale Univ.*, 884 A.2d 427, 432 (Conn. App. Ct. 2005) (quotation and citation omitted). Plaintiff alleges simply that she was wrongfully terminated due to her disability or perceived disability and her use of protected leave time. However, it is the defendant's conduct, not the motive behind the conduct, which must be extreme and outrageous to state an IIED claim. *Miner*, 126 F. Supp. 2d at 195. Defendant's alleged *conduct* does not rise to the standard of extreme and outrageous conduct. *See, e.g., Appleton*, 757 A.2d at 1061–63 (holding that a teacher failed to state a claim for IIED when she alleged the principal placed her on administrative leave, submitted her to two psychological evaluations, called the police to have her escorted out of the building, collected information on her and conducted meetings outside her presence, made condescending comments to her in front of coworkers, and telephoned the teacher's daughter representing that the teacher had been acting differently); *Bator v. Yale-New Haven Hosp.*, 808 A.2d 1149, 1150–51 (Conn. App. Ct. 2002) (affirming decision of trial court to grant defendant's motion to strike plaintiff's intentional infliction of emotional distress claim where plaintiff alleged

that defendants disciplined him for failing to report to work even though he was under a physician's care, paid him less than those with less experience, told him to seek psychiatric help, gave him a written warning when he complained about a rotation change, and recommended that plaintiff attend anger management classes after having two verbal altercations).

Plaintiff also appears to allege that she was retaliated against for filing a sexual harassment claim against a teacher at the school at which she worked, and alleges that "[f]or an extended period of time continuing to the date of her termination, the plaintiff was subjected to an ongoing pattern of harassment, discrimination and disparate treatment based upon her actual or perceived disability and her opposition to and complaints about the hostile and discriminatory environment at the defendant." Compl. ¶¶ 32, 36. The assertions in paragraphs 36–37 and 39 are legal conclusions and not facts. "[M]ere conclusory statements" are insufficient to support a claim. *Iqbal*, 556 U.S. at 678. Even if the court were to consider these conclusory allegations, they are not sufficiently outrageous as to support a claim for intentional infliction of emotional distress, for the reasons described above.

Accordingly, Defendant's motion is GRANTED and the court dismisses Count Six of Plaintiff's complaint.

IT IS SO ORDERED.

                                                                            /s/
                                              Hon. Vanessa L. Bryant
                                              United States District Judge

Dated at Hartford, Connecticut: September 12, 2014.